IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50890
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER SANCHEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-01-CR-035-2
--------------------
October 29, 2002
Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

In this direct appeal of Javier Sanchez's conviction for
conspiracy to distribute and to possess with intent to distribute
more than 1000 kilograms of marijuana, the Government argues that
Sanchez's waiver-of-appeal provision in his plea agreement
requires dismissal of this appeal.  A defendant may waive his
statutory right to appeal as part of a valid plea agreement if
the waiver is knowing and voluntary.  United States v. Melancon,
972 F.2d 566, 567 (5th Cir. 1992).  During Sanchez's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

rearraignment, the district court reviewed the plea agreement and explained to Sanchez that he was waiving his right to appeal his sentence. Sanchez understood the waiver provision and did not raise any questions about the waiver or any other terms of the plea agreement, although he was told that he could question anything about the proceedings he did not understand.

The record reflects that Sanchez freely and voluntarily waived his right to appeal his sentence, except for claims of ineffective assistance and prosecutorial misconduct. He does not raise either contention in his assertion that the district court erred in accepting his guilty plea despite the magistrate judge's failure to advise him fully of the effects of supervised release.

Because Sanchez's waiver of the right to appeal his sentence is enforceable, the appeal is DISMISSED for lack of jurisdiction. See United States v. Martinez, 263 F.3d 436, 438 (5th Cir. 2001).

APPEAL DISMISSED.